UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 23-cv-23485-RNS

KATELYN MORRISSEY,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,

    *Defendant*.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, NCL (BAHAMAS) LTD. ("NCL"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Southern District of Florida, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1], as follows:

**PRELIMINARY ALLEGATIONS**

1. NCL admits, based on information and belief, including information furnished by Plaintiff, that Plaintiff is a resident of California.

2. Admitted for this litigation only.

3. Admitted.

4. Admitted for this litigation only that NCL is subject to this Court's jurisdiction and that venue is proper.

5. Admitted for this litigation only that NCL is subject to this Court's jurisdiction.

6. Admitted that U.S. general maritime law governs Plaintiff's claims.

7. Admitted that venue is proper.

## **FACTS**

8. Admitted that NCL was the operator of the *Norwegian Sun* on October 6, 2022. All else is denied.

9. Denied as phrased.

10. Admitted that Plaintiff was a fare-paying passenger onboard the *Norwegian Sun* on October 6, 2022.

11. NCL admits that Plaintiff was on Deck 11 on October 6, 2022. The remainder of the allegations are denied.

12. Unknown, therefore denied.

13. NCL admits that prior to boarding, Plaintiff filled out a form indicating she had epilepsy and high-functioning autism.

14. Unknown, therefore denied.

15. Unknown, therefore denied.

16. Unknown, therefore denied.

17. Unknown, therefore denied.

18. NCL admits that Plaintiff interacted with a crewmember named Hector on the night of her alleged incident.

19. Denied as phrased.

20. Unknown, therefore denied.

21. Denied.

22. Denied.

23. Denied.

24. Unknown, therefore denied.

25. Unknown, therefore denied.

26. Denied.

27. Denied.

28. Denied as phrased.

29. NCL admits that as of the date of this Answer, this language is posted to its website: https://www.ncl.com/about/accessible-cruising.

30. NCL admits that as of the date of this Answer, this language is posted to its website: https://www.ncl.com/about/accessible-cruising.

31. Denied.

32. Denied as phrased.

33. NCL admits that prior to boarding, Plaintiff filled out a form indicating she had epilepsy and high-functioning autism. All other allegations are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT I- VICARIOUS LIABILITY

NCL readopts and realleges its responses to paragraphs 1 through 37 above, as if fully incorporated herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. NCL admits that it employed this crewmember on the date of the alleged incident.

47. NCL admits that it employed this crewmember on the date of the alleged incident but denies that he or NCL were in any way negligent.

48. Denied as an incomplete statement of the law. NCL also denies that the alleged crewmember or NCL were in any way negligent.

49. Denied.

50. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT II - NEGLIGENCE

NCL readopts and realleges its responses to paragraphs 1 through 37 above, as if fully incorporated herein.

51. Denied as an incomplete statement of law.

52. Denied.

53. Denied.

54. Denied as phrased.

55. NCL admits that prior to boarding, Plaintiff filled out a form indicating she had epilepsy and high-functioning autism. However, to the extent Plaintiff is alleging that any

particular crewmember(s) had "actual notice" of her epilepsy and/or high-functioning autism, NCL denies same.

    56.    Denied, including subparagraphs a) through j).

    57.    Denied.

    58.    Denied.

    59.    Denied.

## **AFFIRMATIVE DEFENSES**

    1.    Plaintiff's own negligence, including but not limited to her decision to walk down the staircase she claims to have fallen on, was the sole proximate cause of her injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

    2.    Plaintiff's own negligence, including but not limited to her decision to walk down the staircase she claims to have fallen on, contributed to the subject incident, and her injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to her own comparative negligence.

    3.    Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of NCL and for which NCL cannot be held liable.

    4.    Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused their alleged injuries.

    5.    To the extent there was an unreasonably dangerous condition, NCL had no actual or constructive notice or knowledge of it.

    6.    To the extent there was an unreasonably dangerous condition, NCL did not create it.

7. To the extent there was an unreasonably dangerous condition, it was apparent, open and obvious and should have been observed by Plaintiff, barring any recovery by her.

8. To the extent there was an unreasonably dangerous condition, Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of it, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

9. The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

10. NCL fully discharged its duty to Plaintiff by warning them of any dangers and/or unique conditions of the vessel.

11. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its Answer by reference.

12. The alleged incident and injury may not have been fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** the Defendant, NCL (Bahamas) Ltd., having fully answered Plaintiff's Amended Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Respectfully submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant

By: */s/ Todd L. Sussman*
    **Todd L. Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@nclcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Todd L. Sussman*
**Todd L. Sussman, Esq.**

## SERVICE LIST

*Katelyn Morrissey vs. NCL (Bahamas) Ltd.*
Case No.: 23-cv-23485-RNS
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd L. Sussman, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL 33126<br>Telephone: (305) 436-4653<br>Facsimile: (305) 468-2132<br>tsussman@nclcorp.com<br>jjara@ncl.com<br>*Attorneys for Defendant* | Thomas Graham, Esq.<br>MAUSNER GRAHAM<br>INJURY LAW PLLC<br>1 NE 2nd Avenue, Suite 200<br>Miami, Florida 33132<br>P: (305) 344-4878<br>F: (305) 800-8677<br>tom@mginjuryfirm.com<br>yariz@mginiuryfirm.com<br>eservice@mginiuryfirm.com<br>*Attorneys for Plaintiff* |